IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02518-BNB

JOHN RAINEY,

    Plaintiff,

v.

DOC,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 24 2011

GREGORY C. LANGHAM
                 CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, John Rainey, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Centennial Correctional Facility in Canon City, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on October 17, 2011. He has been granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. **See** *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. **See** *id.* Under Section 1983, a plaintiff must allege that

the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Rainey will be directed to file an amended complaint, name only the proper parties to the action, and assert personal participation by the proper parties.

Mr. Rainey asserts two claims. As his first claim, he alleges that he is being deprived of food by unidentified prison officials. He asserts that he requires a soft diet, but that prison officials refuse to provide him with appropriate foods and, as a result, he receives less than one serving of food per day. As his second claim, Mr. Rainey alleges that he is being denied medical treatment by unidentified prison officials. He argues that prison officials have denied him access to medications needed to treat his serious heart condition. Mr. Rainey alleges that this treatment violates his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment. He seeks injunctive relief in addition to money damages.

The Court finds that Mr. Rainey is suing improper parties. Mr. Rainey may not sue the Colorado Department of Corrections (DOC). The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh

Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Further, Mr. Rainey must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate how each named defendant personally participated in the asserted claims. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Rainey must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Rainey will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Rainey may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Rainey uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, John Rainey, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that Mr. Rainey shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Rainey fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED October 24, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02518-BNB

John Rainey
Prisoner No. 42765
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 24, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk